JOURNAL ENTRY and OPINION.
{¶ 1} On February 25, 2003, Curtis Young filed an application for reopening pursuant to App.R. 26(B). Young is attempting to reopen the appellate judgment that was rendered by this court in State v. Young
(Nov. 29, 2001), Cuyahoga App. No. 79113. This court, upon appeal, held that the trial court erred by granting super shock probation per R.C.2947.061 and ordered that Young be returned to prison to serve the remainder of his sentence. We decline to reopen Young's appeal.
 {¶ 2} App.R. 26(B)(1) provides that "a defendant in a criminal case may apply for reopening of the appeal from the judgment ofconviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." (Emphasis added.)
 {¶ 3} In the case sub judice, no appellate judgment was announced and journalized by this court which reviewed Young's conviction and sentence as rendered in State v. Young, Cuyahoga County Court of Common Pleas Case No. CR-240608. See State v. Skaggs (May 12, 1999), Cuyahoga App. No. 76301, reopening disallowed (Sept. 21, 1999), Motion No. 07505;State v. Halliwell (Jan 28, 1999), Cuyahoga App. No. 70369, reopening disallowed (Jan. 29, 1999), Motion No. 00187. The appellate judgment that Young is attempting to reopen dealt with the trial court's granting of super shock probation, not an appeal from a judgment of conviction and sentence as required by App.R.26(B). No basis exists under App.R. 26(B) to reopen the appeal that was rendered in State v. Young (Nov. 29, 2001), Cuyahoga App. No. 79113. Cf. State v. Loomer (1996),76 Ohio St.3d 398, 667 N.E.2d 1209; State v. Fields (Feb 1, 1996), Cuyahoga App. No. 68906, reopening disallowed (Sept. 5, 1997), Motion No, 84867, State v. Williams (Oct. 31, 1996), Cuyahoga App. No. 66936, reopening disallowed (May 7, 1997), Motion No. 82993.
 {¶ 4} Accordingly, we deny Young's application for reopening.
PATRICIA A. BLACKMON, P.J. and TIMOTHY E. McMONAGLE, J. CONCUR